UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MIA APPLUEWHITE,<br><br>  Plaintiff,<br><br>  v.<br><br>BREWER GLOBAL LLC & EMPLOYERS INSURANCE,<br><br>  Defendants. | Case No. 2:24-cv-01172-CDS-EJY<br><br>**ORDER** |

On July 1, 2024, the Court entered an Order granting Plaintiff's Application to Proceed *in forma pauperis* ("IFP) and dismissing Plaintiff's Complaint without prejudice based on her failure to demonstrate exhaustion of administrative remedies against Employer's Insurance and failure to state claims under the Americans with Disabilities Act ("ADA"). ECF No. 4. Plaintiff filed an Amended Complaint on July 18, 2024, in which she names Brewer Global LLC as the only Defendant. The Court screens the Amended Complaint below.

**I.   Screening Standard**

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter,* 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship*

*v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.     Plaintiff's Amended Complaint

As previously explained, to state a prima facie discriminatory termination claim under the ADA against Brewer Global, Plaintiff must allege facts demonstrating: (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual; and (3) this Defendant terminated her because of her disability. *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1481 (9th Cir. 1996). To state a plausible failure to accommodate claim under the ADA, Plaintiff must allege that: (1) she is disabled within the meaning of the ADA; (2) she is a qualified individual; (3) she requested a reasonable accommodation; (4) Brewer Global knew of the requested accommodation; and (5) Brewer Global failed to reasonably accommodate her disability. *See Allen v. Pacific Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003); *Iwaniszek v. Pride Transport, Inc.*, Case No. 2:17-cv-02918-JCM-BNW, 2021 WL 634991, at *3 (D. Nev. Feb. 17, 2021). Moreover, to state her ADA claims, "Plaintiff must … allege how [s]he is disabled within the meaning of the ADA." *Tyson v. ACRT Services Incorporated*, Case No. 23-cv-01889-HSG, 2024 WL 69073, at *4 (N.D. Cal. Jan. 5, 2024). When a plaintiff fails to do so, she "does not allege" a claim under the ADA. *Id*. citing *Warner v. Delano*, Case No. 21-cv-5666-HSG, 2021 WL 5507160, at *2 (N.D. Cal. Nov. 24, 2021).

A disability is defined as a physical or mental impairment that substantially limits one or more major life activities; a record of such an impairment; or being regarded as having such an impairment. 42 U.S.C. § 12102. The ADA defines the term "qualified individual" as someone "who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).

1  Plaintiff identifies severe arthritis in both of her knees as the disability from which she alleges
2  suffers.  Plaintiff says she experiences pain and suffering as a result of this condition, and states her
3  disability is permanent—there is no cure.  Plaintiff alleges the shots in her knees, which she receives
4  from her orthopedist, alleviates much of her pain.  Plaintiff says she sent her supervisor a request for
5  accommodation on October 23, 2024 regarding continued visits to her doctor, the response to which
6  was termination.   Plaintiff also says Brewer Global never responded to her request for
7  accommodation.
8  Plaintiff's allegations, while perhaps not the most robust, when liberally viewed are sufficient
9  to get her past the pleading stage of an ADA claim.  Plaintiff's allegations shows she potentially
10 suffers from a permanent condition, which could limit a major life activity, causing her pain and
11 suffering.  Plaintiff also alleges she suffered an adverse action after seeking an accommodation.  As
12 the United States Supreme Court found, so long as Plaintiff's allegations are not merely conclusions
13 or bare recitals of elements of her ADA claims, this Court is bound to accept those allegations as
14 true.  *Iqbal*, 556 U.S. at 681.

15 **III.   Order**

16 IT IS HEREBY ORDERED that Plaintiff may proceed with her ADA claim against Brewer
17 Global LLC.

18 IT IS FURTHER ORDERED that the Clerk of Court **must** issue a Summons for Defendant
19 Brewer Global LLC.

20 IT IS FURTHER ORDERED that the Clerk of Court **must** send Plaintiff one blank USM-
21 285 form together with a copy of this Order.

22 IT IS FURTHER ORDERED that Plaintiff **must** complete the USM-285 form for Defendant
23 Brewer Global LLC and return the same to the U.S. Marshal Service at the following address:

24  Gary G. Schofield
    U.S. Marshal, District of Nevada
25  Lloyd D. George Federal Courthouse
    333 Las Vegas Blvd. S., Suite 2058
26  Las Vegas, Nevada 89101

27 IT IS FURTHER ORDERED that Plaintiff **must** return the completed USM-285 form no
28 later than **August 26, 2024**.

IT IS FURTHER ORDERED that the Clerk of Court **must** send to the U.S. Marshal Service the Summons issued to Brewer Global LLC, **one copy** of Plaintiff's Amended Complaint (ECF No. 5) and **one copy** of this Order for service on Brewer Global after receipt of Plaintiff's completed USM-285.

IT IS FURTHER ORDERED that the U.S. Marshal Service **must** attempt to effect service on Brewer Global no later than **fourteen (14) days** after receipt of both the completed USM-285 and documents from the Clerk's Office.

IT IS FURTHER ORDERED that hereinafter Plaintiff **must** serve Defendant, or, if appearance is entered by counsel, upon Defendant's counsel, a copy of every pleading, motion, or other document submitted for consideration by the Court. Plaintiff will include with the original papers submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to Defendant or Defendant's counsel. The Court may disregard any paper received by a District or Magistrate Judge that is not filed with the Clerk, and any paper received by a District or Magistrate Judge, or the Clerk that fails to include a certificate of service.

Dated this 29th of July, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE